Filed 6/8/23  P. v. Knecht CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL ANDREW KNECHT,<br><br>Defendant and Appellant. | C096039<br><br>(Super. Ct. No. 18NCR12843) |

In 2018, defendant Gabriel Andrew Knecht pleaded guilty to first degree murder. The trial court sentenced him to an indeterminate term of 25 years to life in prison.  In 2021, defendant filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] The trial court denied the petition based on the transcript of defendant's plea hearing, which included a factual basis stipulated to by defense counsel that defendant shot and killed the victim, and also included defendant's guilty plea to murder with malice

---

[1] Undesignated statutory references are to the Penal Code.  Defendant filed his resentencing petition under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6, with no change in the text. (Stats. 2022, ch. 58, § 10.)

1

aforethought committed willfully, deliberately and with premeditation. The trial court concluded defendant is not eligible for resentencing as a matter of law.

Defendant now contends his plea did not establish proof beyond a reasonable doubt that he is guilty of murder under the newly revised statutes. Finding no error, we will affirm the trial court's order.

BACKGROUND

On July 26, 2018, defendant entered his plea to first degree murder with the understanding that other counts and special allegations would be dismissed and defendant would serve 25 years to life in prison. Before accepting the plea, the trial court asked the prosecutor to articulate the factual basis. The prosecutor said that on March 16, 2018, defendant and two others went to the home of the victim, and while there, defendant, in a willful, deliberate, and premeditated manner, shot and killed the victim. Defense counsel stipulated to the articulated factual basis for the plea.

Thereafter, defendant pleaded guilty to the charge that he "did unlawfully and with malice aforethought, murder a human being, to wit, [the victim], and did aid and abet in the same, a violation of [s]ection 187[, subdivision ](a) of the Penal Code, murder in the first degree, a felony[.]" Defendant further admitted that "this murder was committed willfully, deliberately, and with [premeditation] and is a serious felony within the meaning of Penal Code [s]ection 1192.7[, subdivision ](c)."

The trial court sentenced defendant to 25 years to life in prison. At the sentencing hearing, the trial court said: "The Court had an opportunity to review the Probation Department's [report] -- concerning this case. This case was basically a planned home invasion robbery that defendants -- or defendant was armed and discharged the weapon killing the victim in this case. To say -- I can't find any excuse. It was an act of ripping off somebody for marijuana. Taking somebody's life for a number of pounds of marijuana. There's nothing that can be said for that. It's -- it's a hardened, thoughtless -- and it had been planned. It had been planned."

On June 3, 2021, defendant filed a petition for resentencing under former section 1170.95. He declared that (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under the felony-murder rule or the natural and probable consequences doctrine; (2) he pleaded guilty or no contest to first or second degree murder in lieu of going to trial because he believed he would have been convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189, effective January 1, 2019.

Defendant's petition and accompanying declaration and exhibits stated that Alonso Morales Carrillo came up with a plan to steal marijuana from the victim and Carrillo was the mastermind behind the crime and the actual shooter and killer. Defendant said he had no idea Carrillo was going to shoot the victim and defendant had no intention of hurting anyone during the crime. Defendant told an officer that defendant was just going to point his rifle at the victim, and when Carrillo told defendant to shoot the victim, defendant froze. According to defendant, Carrillo took the rifle and shot the victim.

Defendant asserted in his petition that he pleaded guilty because his defense attorney advised him to plead guilty in order to avoid a more severe sentence. Defendant attached as an exhibit to the petition Carrillo's plea form in which he pleaded guilty or no contest to voluntary manslaughter and robbery with an enhancement for personal use of a firearm. Defendant noted that he did not plead guilty to personal use of a firearm.

On March 11, 2022, the trial court conducted a hearing on defendant's petition. It denied the petition based on the transcript of defendant's plea hearing.

DISCUSSION

Defendant contends his plea did not establish proof beyond a reasonable doubt that he is guilty of murder under the newly revised statutes.

3

A

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which became effective on January 1, 2019, amended sections 188 and 189 to restrict the application of the felony-murder rule and eliminate natural and probable consequences liability as it applied to aiding and abetting murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Amended section 188 provides that "[e]xcept as stated in subdivision (e) of [s]ection 189 [the felony-murder rule], in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) was added to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in [section 189,] subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added what is now section 1172.6 to provide a procedure to petition the trial court to vacate a conviction and for resentencing if the petitioner could not have been convicted of murder under sections 188 and 189 as amended by Senate Bill 1437. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) expanded the class of persons who may petition for relief under section 1172.6 to include not only defendants convicted of murder under the felony-murder rule or the natural and probable consequences doctrine, but also defendants convicted of murder under a "theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and

4

probable consequences doctrine, or manslaughter . . . ." (Stats. 2021, ch. 551, § 2.)

When a petitioner files a facially sufficient petition, the trial court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief under section 1172.6. (§ 1172.6, subd. (c); *People v. Flores* (2022) 76 Cal.App.5th 974, 986 (*Flores*).) The California Supreme Court has explained that "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Lewis, supra*, 11 Cal.5th at p. 971.) At this stage, the trial court should also not engage in factfinding involving the weighing of evidence or the exercise of discretion. (*Id.* at p. 972.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

As amended by Senate Bill No. 775, a petitioner must demonstrate the following to make a prima facie showing that he or she falls within the provisions of section 1172.6: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [And] [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective

5

January 1, 2019." (Stats. 2021, ch. 551, § 2; see *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 [holding that the prima facie showing the petitioner must make is that he or she did not, in fact, engage in the act(s) or have the mental state required for a murder conviction under current law].) A trial court must issue an order to show cause if the petitioner has made a prima facie showing that he or she is entitled to relief under section 1172.6. (§ 1172.6, subd. (c).)

B

A trial court may rely on the record of conviction to determine whether the petitioner has made the requisite prima facie showing. (*Lewis, supra*, 11 Cal.5th at pp. 970-971.) The record of conviction includes the transcript of the plea hearing. (*Flores, supra*, 76 Cal.App.5th at p. 989; *People v. Eynon* (2021) 68 Cal.App.5th 967, 976-979 (*Eynon*); see *People v. Davenport* (2021) 71 Cal.App.5th 476, 481-484 (*Davenport*).) "In the plea context, a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that . . . the petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437." (*Flores*, at p. 987.)

In denying defendant's section 1172.6 petition, the trial court relied on the reporter's transcript of the plea hearing. The transcript showed that defendant entered a plea of guilty to first degree murder based on a stipulated factual basis that he, in a willful, deliberate, premeditated manner, shot and killed the victim. Regardless of any conflicting evidence presented at the preliminary hearing, defendant's plea and his stipulation to the factual basis conclusively refuted the allegation in his petition that he could not presently be convicted of murder because of changes made to sections 188 and 189 effective January 1, 2019. (Stats. 2018, ch. 1015, § 4; see *People v. Rivera* (2021) 62 Cal.App.5th 217, 232-235; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, disapproved on another ground in *Lewis, supra*, 11 Cal.5th at pp. 961-963; cf. *Davenport, supra*, 71 Cal.App.5th at pp. 480-484; *Eynon, supra*, 68 Cal.App.5th at pp. 976-979;

*People v. Cooper* (2020) 54 Cal.App.5th 106, 109-110, 111-112, 123-126.)

Defendant argues the stipulated factual basis that he shot and killed the victim did not render him ineligible for relief under section 1172.6 because his counsel's stipulation did not constitute his own personal admission of facts establishing ineligibility. Defendant relies on *Eynon* and *Rivera*, but they do not hold that a defendant has not admitted being the actual killer unless the defendant personally articulates the factual basis for a plea.

Here defendant admitted particular facts beyond the murder charge. In the stipulated factual basis for the plea, defendant admitted that he shot and killed the victim, i.e., that he was the actual killer. Contrary to defendant's arguments, the trial court's consideration of defendant's plea and admissions did not involve the weighing of evidence or the exercise of discretion and did not violate due process.

Defendant is not eligible for relief under section 1172.6 as a matter of law. The trial court did not err in denying his petition.

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

_____/S/_____
MAURO, J.

We concur:

\_\_\_\_\_/S/_____
ROBIE, Acting P. J.

\_\_\_\_\_/S/_____
RENNER, J.

7